**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
───────────────────────────────────

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                **v.**                **10-CR-188A(Sr)**

**CARLOS CRUZ,**

      **Defendant.**
───────────────────────────────────


### DECISION AND ORDER

      This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. # 251.


### PRELIMINARY STATEMENT

      The defendant, Carlos Cruz, is charged in count 4 of a 13 count indictment against 23 defendants with conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of a mixture and substance containing cocaine and a mixture and substance containing marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(D), in violation of Title 21 United States Code Section 846.  Dkt. #1.  The defendant also faces forfeiture of money pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p).  Dkt. #1.

The defendant filed an omnibus motion.  Dkt. #333.  The government filed a response and request for reciprocal discovery.  Dkt. #379.   Defendant's motion for suppression of statements and evidence obtained pursuant to Title III intercept orders will be addressed in a separate report, recommendation and order.

## DISCUSSION AND ANALYSIS

**Discovery and Inspection**

The government responds that it is in compliance with its obligations pursuant to Rule 16 and declares its intention to disclose any information subject to Rule 16 as it is discovered.  Dkt. #379, pp.1-4.  In accordance with Rule 12(b) of the Federal Rules of Criminal Procedure, the government notifies the defendant of its intention to introduce any evidence disclosed to defendant at trial.  Dkt. #379, p.3. However, the government notes that many of defendant's requests are beyond the scope of pre-trial discovery.  Dkt. #386, pp.3-23.

Defendant's Statements

In reliance upon the government's representation that it has disclosed defendants' statements to law enforcement personnel pursuant to Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure, this aspect of defendant's motion is denied as moot.

Reports of Examinations or Tests & Expert Witnesses

        In reliance upon the government's representation that it will disclose all materials that are discoverable under Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure and that it will comply with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, as well as Rules 702, 703 and 705 of the Federal Rules of Evidence, and that it will cooperate with defendant to provide the chemists' credentials and methods in the event that the defendant declines to stipulate as to the reports regarding the controlled substances, as well as the qualifications of government law enforcement experts relating to vague/coded drug references and firearms, this aspect of defendant's motion is denied as moot.


Documents and Tangible Objects

        In reliance upon the government's representation that it has complied with Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, and that any additional items will be provided voluntarily as they are identified, defendant's motion for disclosure of documents and tangible objects is denied as moot.


Defendant's Criminal Record

        In reliance upon the government's representation that it has provided defendant with a copy of his criminal record and is in compliance with its obligations pursuant to Rule 16 of the Rules of Criminal Procedure, this aspect of defendants motion is denied as moot.  Defendant's request for disclosure of prior bad acts is addressed below, pursuant to his request for disclosure pursuant to Rule 404(b).

Search Warrant Application

In reliance upon the government's representation at oral argument that it will disclose affidavits in support of search warrants relevant to this matter, redacted as appropriate to preserve the identity of confidential sources, this aspect of defendant's motion is denied as moot.

Wiretap Information

Defendant's request for forms used in the preparation of the eavesdropping warrant application, progress reports, and minimization instructions are denied in accordance with the reasoning set forth in *United States v. Chimera*, 201 F.R.D. 72 (W.D.N.Y. 2001).

Law Enforcement Documents

Defendant's request for agent's reports, prosecution reports, surveillance reports, *etc.*, is denied as beyond the scope of the government's discovery obligations. Rule 16(a)(2) of the Federal Rules of Criminal Procedure specifically exempts

> the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Government Witnesses

As defendant has failed to demonstrate any "particularized showing of need" for the names, addresses of each prospective government witness or any

witness to the alleged offenses set forth in the indictment, this aspect of his motion is

denied.  See *United States v. Pastor,* 419 F. Supp. 1318, 1320 (S.D.N.Y. 1975), *aff'd*

557 F.2d 930 (2d Cir. 1977).


Grand Jury Transcripts

As defendant has proffered no basis for his request for grand jury

transcripts, this aspect of defendant's motion is denied.  *See Pittsburgh Plate Glass Co*

*v. United States*, 360 U.S. 395, 400 (1959).   It is a long-established rule that "[t]he

burden. . . is on the defense to show that 'a particularized need' exists for the minutes

[of the grand jury] which outweighs the policy of secrecy."


*Brady, Giglio* & *Jencks* Material

The government acknowledges its responsibility under *Brady v. Maryland*,

373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent

cases.  The government has also represented that it will comply with the requirements

of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to

testify at trial.  As a result of these representations, the defendant's request for such

materials, *i.e., Brady, Giglio* and *Jencks* is denied, but the government is hereby

directed to comply with the Second Circuit Court of Appeals' holding in *United States v.*

*Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d

Cir. 2007) by making timely disclosure of those materials to the defendant.

Personnel Files of Government Agent Witnesses

In reliance upon the government's representation that it is aware of its obligation to disclose potential impeachment material from the personnel files of law enforcement witnesses, the defendant's request is denied as moot. The Court reminds counsel for the government that *Brady*, *Giglio* and their progeny dictate that the government's obligation to disclose material favorable to the accused extends to information that impeaches the credibility of the government's witnesses regardless of the witnesses' employer. Accordingly, counsel for the government is hereby directed to ensure that a proper request and review of the personnel files of all law enforcement witnesses, regardless of their employer, is conducted and that all properly discoverable information is disclosed to the defendant in a timely fashion as provided by *Brady*, *Giglio* and their progeny.


Identity of Informants

Disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir.), *cert. denied*, 489 U.S. 1089 (1988); *see Roviaro v. United States*, 353 U.S. 53, 59 (1957) (government generally is not required to disclose identity of confidential informants). "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." *United States*

*v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997).  It is not

sufficient that the informant was a participant and witness to the crime.  *Saa*, 859 F.2d

at 1073.  As defendant has failed to articulate any basis for his request for the identity

of confidential informants, this aspect of his motion is denied.


F.R.E. 403, 404(b) and 609

        The government notifies defendant that it intends to introduce at trial,

pursuant to Rule 404(b) of the Federal Rules of Evidence, all prior criminal conduct to

show proof of defendant's motive, opportunity, intent, preparation, plan, knowledge,

identity, and absence of mistake or accident and represents that it will timely disclose

evidence within the ambit of Rules 404(b), 608(d) and 609 of the Federal Rules of

Evidence, but notes that it has no obligation to provide defendant with information that

could be used to impeach him pursuant to Rule 608, should he elect to testify.  In

reliance upon the government's representations, this aspect of defendant's motion is

denied as moot.


F.R.E. 807

        In reliance upon the government's representation that it has no present

intention of introducing any statement within the residual hearsay exception set forth in

Rule 807 of the Federal Rules of Evidence, and its acknowledgment of its obligations

should it determine the exception applicable, this aspect of defendant's motion is

denied as moot.

Summaries and Logs of Conversations

In reliance upon the government's representation that all information regarding intercepted conversations, call detail, and summaries have been provided and that any additional items will be provided voluntarily should they be discovered, this aspect of defendant's motion is denied as moot.

Transcripts

In reliance upon the government's representation that it has provided call summaries and complete transcripts containing Spanish/English translation, as well as the underlying recorded conversations, and that it will continue to provide transcripts as they are completed, defendant's request for verbatim transcripts of all conversations relevant to the case is denied as moot.

Statements of Co-Conspirators

Rule 16 does not encompass co-conspirator statements. *United States v. Percevault*, 490 F.2d 126, 131 (2d Cir. 1974). The *Jencks* Act provides the exclusive procedure for discovering statements that government witnesses – including co-conspirators – have given to law enforcement agencies. *In re United States*, 834 F.2d 283, 286 (2d Cir. 1987). Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice and therefore, there is no requirement on the part of the government to disclose statements made by a defendant's co-conspirator during and in furtherance of the conspiracy. The admissibility of any such statements is best addressed by the trial judge. *United States v. Tellier*, 83 F.3d 578, 580 (2d Cir.), cert. denied, 519 U.S. 955 (1996). Accordingly, this aspect of defendant's motion is denied.

Identification

In reliance upon the government's representation that it has and will disclose information relating to pretrial identification procedures and has disclosed recorded conversations and pole camera video related to this investigation, defendant's request for information or documentation reflecting identification of his person, voice, handwriting, picture and/or composite sketch is denied as moot. Issues of admissibility of testimony identifying defendant's voice, as provided by Rule 901 of the Federal Rules of Evidence, is best left to the trial judge.

Government Summaries

In reliance upon the government's representation that it will disclose any summaries it intends to use at trial, this aspect of defendant's motion is denied as moot.

**Voir Dire of Government Experts**

Defendant's motion, pursuant to Rule 104(a) of the Federal Rules of Evidence, to voir dire government experts outside of the presence of the jury is best addressed by the trial judge.

**Exclusion of Statements from Non-testifying Witnesses**

Defendant's motion to exclude testimonial hearsay by non-testifying witnesses is best addressed by the trial court judge pursuant to a motion in limine or objection at trial.

**Preservation of Evidence**

The government is hereby directed to maintain and preserve all materials that are known by the government to exist and that constitute potential *Jencks* and Rule 16, Fed.R.Crim.P. material in this case.  As the Court of Appeals for the Second Circuit admonished:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).


**Joinder in Motions of Co-Defendants**

It is hereby ordered that the decision made by this Court as to each co-defendant's requests contained in the motions in which this defendant has standing to join shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Leave to Make Further Motions**

Defendant's request for leave to make further motions is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Government's Request for Reciprocal Discovery**

Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to reciprocal discovery pursuant to Rule 16(b)(1), and its request is hereby granted. The government's motion with respect to Rule 807 of the Federal Rules of Evidence is denied as moot by reason of the requirements contained within Rule 807 of the FRE wherein it is specifically stated:

> However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and

Order  in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      Buffalo, New York
            June  15, 2012

　　　　　　　　　　　　　 *s/ H. Kenneth Schroeder, Jr.*
            　　　　　　　　**H. KENNETH SCHROEDER, JR.**
            　　　　　　　　**United States Magistrate Judge**